UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RAVEN DANIELS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:20-CV-510-DCLC-DCP |
| WAKEFIELD & ASSOCIATES, INC., | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Quash Subpoena and for Entry of Protective Order [Doc. 27]. Defendant has responded in opposition [Doc. 29] to the Motion, and Plaintiff has replied [Doc. 30]. The Motion is ripe for adjudication. Accordingly, for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 27**].

By way of background, Plaintiff, who has cerebral palsy, alleges that Defendant violated the Americans with Disabilities Act ("ADA"), when it terminated her employment as a client service representative. [Doc. 1 at ¶¶ 1, 8, 9]. Defendant states that it terminated Plaintiff because she was unable to fulfill the essential functions of her job, claiming that she was unable to type, she performed her work too slowly, and her formal/technical communication skills were unsatisfactory. *See* [Doc. 29 at 5]. Relevant to the instant dispute, Defendant intends to serve a subpoena on U.S. Cellular, the employer for whom Plaintiff worked after Defendant terminated her. The subpoena requests Plaintiff's "complete employment/personnel file." [Doc. 24-1]. Plaintiff moves to quash the subpoena and requests that the Court enter a protective order.

1

## I. POSITIONS OF THE PARTIES

Plaintiff moves [Doc. 27] to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3) and further requests a productive order under Rule 26(c). Plaintiff argues that while Defendant is entitled to obtain some information from her file, such as wage information and documents relevant to her separation from U.S. Cellular, Defendant is not entitled to the entire personnel file because the information therein is not relevant to the issues in this case.

Defendant argues [Doc. 29] that the Motion should be denied and that the subpoena be approved by the Court. Defendant explains that in response to discovery requests, Plaintiff stated that she separated from U.S. Cellular after a short period of time. Defendant argues that Plaintiff failed to disclose the reason for her separation, which was specifically requested in the interrogatory. Given the missing information, Defendant seeks to discover the reasons why Plaintiff left her employment with U.S. Cellular. Defendant argues that the reasons why Plaintiff left are relevant because an employer's liability for backpay may be tolled if a plaintiff's loss of subsequent employment is deemed willful. In addition, Defendant states that documents related to Plaintiff's compensation and benefits at her subsequent place of employment are relevant to her mitigation efforts.

Further, Defendant states that Plaintiff's work responsibilities with U.S. Cellular were similar to Plaintiff's work responsibilities with Defendant, and therefore, if U.S. Cellular found Plaintiff to be unqualified to carry out her responsibilities, then such supports Defendant's position that Plaintiff was not qualified. Defendant also argues that given the brevity of Plaintiff's employment with U.S. Cellular, her employment file is likely sparse, making full production reasonable. In the alternative, Defendant requests that the Court review the employment file in-camera.

Plaintiff filed a reply [Doc. 30], acknowledging that U.S. Cellular's documents relating to her wages and separation are relevant to the instant matter. Plaintiff states that she previously authorized Defendant to obtain all documents related to her separation from U.S. Cellular's employment, including the reasons for her separation. Plaintiff argues that Defendant's performance-based arguments support quashing the subpoena because her performance at U.S. Cellular is not relevant to her job performance with Defendant.

## II.   ANALYSIS

Accordingly, the Court has considered the parties' positions outlined above, and for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 27**].

Plaintiff moves to quash the subpoena pursuant Rule 45(d)(3), and she requests a protective order under Rule 26(c).[1]   None of the circumstances prescribed in Rule 45(d)(3)(A) apply here. *See* Fed. R. Civ. P. 43(d)(3)(A) (explaining that a court may quash or modify a subpoena that fails to allow a reasonable time to comply, requires compliance beyond the geographical limits, requires disclosure of privileged or other protected matter, or subjects a person to an undue burden).  Courts, however, have long recognized that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Queen v. City of Bowling Green*, No. 1:16CV-00131-JHM, 2017 WL 4355689, at *4 (W.D. Ky. Sept. 29, 2017).  This means that the requested discovery under the subpoena must be relevant and proportional to the needs of the case. Fed. R. Civ. P.

---

[1] The Court notes that a party generally does not have standing to quash a subpoena served on a non-party, "unless the party can demonstrate a privacy or other personal right in regard to the requested documents." *Queen v. City of Bowling Green*, No. 1:16CV-00131-JHM, 2017 WL 4355689, at *3 (W.D. Ky. Sept. 29, 2017).  Courts have recognized, however, that a party has a personal interest in a request for his/her employment records*. Id.*

3

26(c). Further, under Rule 26(c), the Court has the discretion to limit the scope of discovery under certain circumstances and for good cause shown. *See* Fed. R. Civ. P. 26(c)(1)(A)-(H).

As summarized in *Queen*, the Court must first consider whether Plaintiff's complete personnel/employment file from U.S. Cellular is relevant. 2017 WL 4355689, at *5. Because Defendant is seeking this discovery, it has the burden of demonstrating that Plaintiff's complete personnel/employment file from U.S. Cellular is relevant to the claims or the defenses in this action. *Id.* If Defendant satisfies this burden, then the burden shifts to Plaintiff to demonstrate that good cause exists to issue a protective order under Rule 26(c). *Id.*[2]

As an initial matter, it is not clear what specific records Defendant seeks other than Plaintiff's "complete personnel/employment file." [Doc. 24-1]. In Defendant's response, it explains that it seeks "the entire picture behind the separation" and Plaintiff's compensation and benefits. Plaintiff, however, has agreed that compensation and benefit information is relevant and that Defendant is entitled to all documents relating to her separation.

In any event, the Court finds Defendant's request for Plaintiff's "complete personnel/employment file" overly broad as personnel files often contain material that is both private and irrelevant to the claims and defenses. *Queen,* 2017 WL 4355689, at *5 (concluding that the City's request for "the complete personnel file" is too broad because "[p]ersonnel files may contain material that is both private and irrelevant to the claims and defenses in this action ...") (quoting *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012)). The Court agrees with the parties that information relating to Plaintiff's compensation and benefits is

---

[2] The undersigned observes that some courts have noted that the party seeking to quash the subpoena "bears the burden of showing that discovery sought is overly broad, unduly burdensome, or not relevant." *Santiago v. Meyer Tool, Inc.*, No. 1:19-CV-32, 2020 WL 11161893, at *1 (S.D. Ohio Jan. 10, 2020). In the instant matter, even if Plaintiff bears the burden to show that the discovery is not relevant, such does not change the Court's conclusion.

4

relevant. The Court also agrees with the parties that the reason for Plaintiff's separation is also relevant for purposes of Defendant's mitigation defense.

The Court, however, does not agree with Defendant that Plaintiff's performance reviews at U.S. Cellular are relevant or proportional to show comparable performance deficiencies. For example, one court recently addressed a similar issue, holding that discipline and performance reviews received by the plaintiff at her subsequent employment were not relevant to defendant's decision to terminate the plaintiff. *Santiago v. Meyer Tool, Inc.,* No. 1:19-CV-32, 2020 WL 11161893, at *3 (S.D. Ohio Jan. 10, 2020). The court reasoned as follows:

> Whether plaintiff was producing non-conforming parts at Meyer Tool—and fired for this reason—will depend on the specific circumstances of her employment and conditions at Meyer Tool. The circumstances under which plaintiff may have been subsequently terminated at a different job, in a different environment, and with a different employer are simply not relevant to what happened at Meyer Tool. Plaintiff's performance at a post-Meyer Tool employer does not tend to make it more or less likely that Meyer Tool terminated plaintiff for the same stated reasons, i.e., producing non-conforming parts, or whether Meyer Tool improperly terminated her based on her gender, disability, or exercise of FMLA rights.

*Id.* Accordingly, for the same reasons as stated in *Santiago*, the Court finds Plaintiff's performance reviews not relevant or proportional for purposes of showing comparable performance deficiencies.

Accordingly, the Court finds that Plaintiff is entitled to an order modifying the proposed subpoena to U.S. Cellular and that the subpoena **SHALL** be limited to (1) documents relating to Plaintiff's compensation and benefit information while working for U.S. Cellular, and (2) documents pertaining to Plaintiff's separation from employment, including performance reviews, evaluations, and complaints. *See Queen,* 2017 WL 4355689, at *6 (finding that plaintiff was not

5

entitled to an order quashing the subpoena or a protective order but concluding that plaintiff was entitled to an order modifying the proposed subpoena).

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion [**Doc. 27**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge